BATES *against* SUTHERLAND.

Where a
turnpike act
exempts from
the payment of
toll, persons
going to or re-
turning from
mill with
grain or flour
for their fami-
ly use, the
exemption
does not ap-
ply to a wag-
gon going
through the
turnpike gate
loaded with o-
ther articles,
and some grain
or flour.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action of debt, for 25 dollars, against the plaintiff in error, in the court below. The action was for the recovery of penalties from the defendant below for taking toll of the plaintiff below, when going, and returning from mill, at gate No. 4, on the *Dutchess* turnpike, in *April*, 1817. It appeared that the plaintiff below, with two waggons, passed through the gate with grist, on his way to mill: and that the waggons returned with shingles and grist on them. The toll was not paid when they first went through the gate, but it was afterwards demanded and paid, though it did not appear whether it was paid for going to mill or not. The sum paid was 62 and a half cents. A verdict and judgment were rendered for the plaintiff below, for 4 dollars and 25 cents.

*Per Curiam.* The judgment must be reversed. The evidence contained in the return does not prove that the toll gatherer claimed or demanded toll not authorized by law; and it is difficult to discover on what ground the plaintiff below sought to charge the defendant. The summons appears to be for a penalty of 25 dollars; but it is not stated, either in the summons or declaration, under what statute the claim is founded. No such penalty is given in the act establishing the *Dutchess* turnpike company, passed *April* 5th, 1802. There is a penalty of 2 dollars, given against the toll gatherer who shall demand and receive more toll than is allowed by the law. The verdict was probably founded on that part of the act, and on the consideration that two penalties had been incurred yet, this could not make the verdict 4 dollars and 25 cents. If the action is for the recovery of a penalty, the proof should show satisfactorily that a penalty had been incurred, which it certainly does not. Under the act incorporating this company, persons going to, and returning from, mill with grain or flour, for their family use, are exempt-

ed from paying toll. But it is very evident that the plaintiff when returning from the mill with shingles in his waggon, did not come within this exemption, although he might also have had grist. This would be sanctioning a fraud upon the act, and would be contrary to what has been frequently held by this court, to be the true construction of these and similar exemptions in turnpike acts. (7 *Johns. Rep.* 185. 9 *Johns. Rep.* 356.) The judgment must accordingly be reversed.